HADEN H. EDWARDS AND ANOTHER v. HENRY RAGUET.

See this case as to the validity of an administrator's sale, where the same was brought in question by a plea of failure of consideration in a suit on the notes given for the purchase money.

Appeal from Nacogdoches. Tried below before the Hon. Archibald W. O. Hicks.

Suit by appellee against appellants on two promissory notes, dated September 2nd, 1851, for $840 each. The defendants answered as follows : That the plaintiff ought not to have or maintain his aforesaid action herein against them, because the consideration for which the notes herein sued on were given, was the purchase of a certain tract of land, at a public sale ordered to be made of certain lands belonging to the estate of Wm. G. Logan, deceased, and that the said H. H. Edwards becoming the purchaser therof, executed his notes here sued on, with said co-defendant as his surety. Said defendants allege that in the year 1838, said plaintiff petitioned for and obtained letters of administration on said estate, said Logan having before that time died ; that he executed his bond as required by law, his appointment was therefore confirmed ; and that in the succeeding year he renewed his said bond, and his appointment as such administrator was, by the said Probate Court of Nacogdoches, in the then Republic of Texas, again confirmed ; and that thenceforth the said plaintiff has been constantly acting as such administrator, without giving any bond from year to year as by law required ; but defendants admit that, to-wit, on or about the —— day of ——, 184—, he did renew his bond, being thereunto required by the Probate Court of said county, without however making any other original application for letters of administration than such as had been granted as before specified. Said defendants

Edwards v. Raguet.

do not deny the regularity of the proceedings as being other-
wise than formal, if there was any authority on the part of
said plaintiff to make such sale, or if there was authority of
the Court to order the same ; for it is admitted that the County
Court did order the said sale upon a proper state of case.
But said defendants say that the said estate was vacant, and
that no administration on the same was open at the date of
said order of sale of said Court ; and that the said adminis-
trator cannot make any title to the said land, to the said Ed-
wards, although the said County Court hath duly ratified and
confirmed the said sale, and ordered the said plaintiff as
administrator, to make title to said Edwards to the land so
purchased.

Amended petition, as follows : That the consideration for
which the notes sued upon in this case were given, was the
purchase of a tract of land, at a public sale ordered to be
made by the County Court of Nacogdoches, on the 26th day
of February, 1851, of certain lands belonging to the estate of
William G. Logan, deceased, and of which said tract the said
defendant became the purchaser on the 2nd day of September,
A. D. 1851.    Defendent further alleges that the said plaintiff,
Henry Raguet, obtained administration of the estate of Wil-
liam G. Logan, deceased, on the 25th day of May, A. D.
1836, and on the subsequent day, to-wit, May 26, 1836, gave
bond for the proper discharge of his trust ; that subsequently,
to-wit, on the 11th day of May, A. D. 1837, an application for
the approval, by the Court, of said grant of administration
was made, and in the month of June following an order of
approval was made, but a new bond was not given ; from
which period, to-wit, May 26, 1836, up to the 28th day of July,
A. D. 1851, various acts were done by the administrator by
sanction of the Court ; but it was on the last named day that
the bond of the administrator was renewed for the first time
in obedience to an order of the Court.

A general demurrer to the answer was sustained ; a jury

was waived, "and the facts being admitted, it was agreed that judgment should be rendered as upon verdict of a jury. It is, therefore, considered," &c.; judgment for plaintiff. There was a statement of facts, which is not material.

*Clark & Walker*, for appellee, cited Poor v. Boyce, 12 Tex. R. 440 ; Burdett v. Silsbee, 15 Id. 604.

WHEELER, J. The answer admits that the plaintiff was the acting administrator, under the appointment and by authority of the Probate Court : that the order of sale and sale were regularly procured and made in the due course of administration, and the sale approved by the Court. At the time of the sale and the confirmation thereof by the Court, the administrator had renewed his bond. The fairness of the sale is not questioned ; nor does it appear that there was any question of the authority of the administrator. It was recognized and his acts approved by the Probate Court. Upon these facts, disclosed by the plea, there can be no question that the purchaser acquired good title as against the estate, represented by the administrator. The alleged failure of consideration was not sustained by the facts disclosed by the plea ; and the exceptions were rightly sustained. Upon the agreed statement of facts, the law is too clearly with the plaintiff to admit of question. The judgment is affirmed.

Judgment affirmed.